1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9  United States of America,              )    CR 07-1382-PHX-DGC
                                          )
10          Plaintiff,                    )    **ORDER**
                                          )
11  vs.                                   )
                                          )
12  Maximino Rivera-Diaz,                 )
                                          )
13          Defendant.                    )
   _____   )

14

15         Defendant Maximino Rivera-Diaz is charged with illegal re-entry after deportation

16  in violation of 8 U.S.C. § 1326(a).  Dkt. #7.  The indictment alleges that Defendant was

17  deported from the United States on or about February 7, 2007, and that he returned illegally

18  to the country on or about November 20, 2007.  At defense counsel's request, Defendant was

19  referred to Dr. Fernandez-Barillas for a psychological examination.  Dr. Fernandez-Barillas

20  determined that Defendant was not competent to stand trial.  As a result of this determination,

21  the Court entered an order on April 24, 2008, committing Defendant to the custody of the

22  Attorney General pursuant to 18 U.S.C. § 4241(d).  Defendant was transferred to the Federal

23  Medical Center in Butner, North Carolina, for evaluation.  A competency hearing was

24  scheduled for November 10, 2008.  Dkt. #27.

25         Dr. Robert G. Lucking, a staff psychiatrist at the Butner facility, authored a 15-page

26  report opining that Defendant is competent to stand trial and was malingering with respect

27  to his mental condition.  Asserting that Dr. Lucking had a medical condition that prevented

28  him from traveling to Arizona, the Government filed a motion requesting that he be permitted

to testify at the competency hearing by video teleconference.  Dkt. #38.  Defendant opposed the motion, arguing that video testimony would violate his Sixth Amendment Right to confront and cross-examine Dr. Lucking.  Dkt. #39.  As a result of this objection, the Court scheduled a hearing for November 12, 2008, to hear the video testimony of Dr. Lucking regarding his medical condition and the ability of others to provide the testimony needed at the competency hearing.  Dkt. #41.

The hearing was held as scheduled, and Dr. Lucking testified by video conference. He was located in a room at the Butner facility in North Carolina.  A camera in the room clearly displayed his image in the courtroom in Arizona.  A microphone clearly conveyed his testimony.  Dr. Lucking could see events occurring in the courtroom on a video screen in his location, and could hear statements and questions by the Court and counsel.  The camera in Dr. Lucking's location was fixed on him.  The camera in the courtroom was moved at the command of the courtroom clerk to focus on an attorney standing at the lectern and asking questions or on counsel sitting at counsel table.  The camera focused on counsel at the lectern during Dr. Lucking's examination.

**I.      Dr. Lucking's Condition.**

To preserve Dr. Lucking's privacy, his medical condition is discussed in a separate sealed order.  The Court concludes in that order that Dr. Lucking suffers from a medical condition that prevents his traveling to Arizona.  The Court concludes that Dr. Lucking is not available to testify at a competency hearing in this district.

**II.     Defendant's Right to Confrontation.**

Defendant argues that he has a Sixth Amendment Right to confront and question Dr. Lucking during the competency hearing.  The parties have cited no case holding that the Sixth Amendment applies to a pretrial competency proceeding.  The Seventh Circuit has noted that "it is unclear whether the Confrontation Clause applies to pretrial competency hearings." *United States v. Hamilton*, 107 F.3d 499, 504 (7th Cir. 1997).  Courts have held, however, that the Sixth Amendment does not apply to a pretrial hearing under *Sell v. United States*, 439 U.S. 166 (2003), to determine whether a criminal defendant should be

1    involuntarily medicated in order to render him competent to stand trial. *See, e.g., United*

2    *States v. Moruzin*, No. 05-306 (JBS), 2007 WL2914903 at*3-4 (D.N.J., Oct. 1, 2007).

3    Courts have also declined to hold that the Sixth Amendment right to confrontation extends

4    to other pretrial events. *See United States v. Matlock*, 415 U.S. 164, 174-75 (1974)

5    (suppression hearing); *United States v. Sanchez*, 988 F.3d 1384, 1392 (5th Cir. 1993) (non-

6    trial, in-camera settings); *c.f., United States v. Salerno*, 481 U.S. 739, 751 (1987) (assessing

7    the statutory confrontation rights of detainees at detention proceedings under the Fifth

8    Amendment's due process clause without indicating that the Sixth Amendment applies). The

9    Fourth Circuit has held that post conviction mental competency hearings under 18 U.S.C. §

10   4245 are civil in nature and not subject to the Sixth Amendment. *United States v. Baker*, 45

11   F.3d 837, 842-43 (4th Cir. 1995).

12       The Court concludes that the hearing to be held in this case to determine whether

13   Defendant is competent to stand trial is similar to the hearing held in *Moruzin* to determine

14   whether the defendant should be involuntarily medicated to render him competent to stand

15   trial.  Both hearings concern the competency of the defendant.  Both ultimately determine

16   whether the defendant will stand trial on the criminal charges against him. Both rely on the

17   expert testimony of psychiatrists who have examined the defendant.  For the reasons set forth

18   in *Moruzin*, and in the absence of any contrary authority, the Court concludes that the Sixth

19   Amendment right to confrontation does not apply to this competency hearing. *Moruzin*, 2007

20   WL2914903 at *3-4.

21       This does not mean, however, that Defendant lacks substantial rights at the hearing.

22   By statute, Defendant has the right to confront and question witnesses.  18 U.S.C. § 4247(d).

23   And the Fifth Amendment right to due process of law clearly applies to the hearing.

24   *Moruzin*, 2007 WL2914903 at *4-6.

25       In evaluating whether Dr. Lucking's video conference testimony at the competency

26   hearing comports with due process, the Court must consider three factors:

27           First, the private interest that will be affected by the official
             action; second, the risk of an erroneous deprivation of such
28           interest through the procedures used, and the probable value, if

any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved in the fiscal and administrative burdens that additional or substitute procedural requirement would entail.

*Wilkinson v. Austin*, 545 U.S. 209, 224-25 (2005).

The Court in *Moruzin* undertook a detailed analysis of these three factors in connection with Dr. Lucking's possible video conference testimony at a *Sell* hearing. The Court agrees with that analysis, and will not restate it here. Suffice it to say that the Court reaches the following conclusions:

The video conferencing equipment will enable the Court, counsel, and Defendant to see, hear, and speak with Dr. Lucking in real time, thereby enabling the Court to view the examination and cross-examination and assess Dr. Lucking's demeanor as well as the substance of his testimony. The sound and picture of the video conference equipment are excellent and will enable the Court to evaluate the veracity of Dr. Lucking's testimony.

Other witnesses may be called by either side. Defendant will have the opportunity to call his own expert to testify.

Thus, although Defendant has a significant private interest in the accuracy of the competency hearing – the first prong of the *Wilkinson* analysis – the Court does not conclude that there is a significant risk of an erroneous deprivation of Defendant's interest through the procedures used – the second prong of the analysis.

Under the final prong of the due process test, the Court finds that the Government has a substantial interest in having Dr. Lucking testify at the video conference hearing. Dr. Lucking testified at the November 12 hearing that he is the only medical professional at the Butner facility who closely examined Defendant Rivera-Diaz. No other member of the Butner staff had sufficient contact with Defendant to address the opinions set forth in the report prepared by Dr. Lucking. Dr. Lucking authored virtually all of the 15-page report concluding that Defendant is competent to stand trial. The Court concludes that no other mental health professional at the Butner facility would be qualified to testify on whether Defendant is competent. The Court therefore agrees with the Government that Dr. Lucking

1   is an essential witness at the competency hearing, and concludes that the Government has a

2   significant interest in seeking to attain a conviction against Defendant if he is competent to

3   stand trial.

4        Balancing the three factors set forth in *Wilkinson*, the Court concludes that permitting

5   Dr. Lucking to testify by video conference will not violate Defendant's due process rights

6   or his statutory rights under § 4247(d).  As the Court concluded in *Moruzin*:  "While the use

7   of the video conference procedure at the hearing implicates substantial interests for both

8   [defendant] and the Government, the minimal risk that [defendant's] interest in robust cross-

9   examination would be compromised as a result of the procedure leads inevitably to the

10  conclusion that the use of video conference to permit Dr. Lucking's testimony at the . . .

11  hearing does not run afoul of the defendant's due process rights."

12  **IT IS ORDERED:**

13     1.    A competency hearing will be held on **December 17, 2008 at 9:00 a.m.**

14     2.    Dr. Lucking will be permitted to testify via video conference.  Counsel for the

15             Government shall promptly notify the Court of arrangements to be made for

16             the video conference testimony.

17  DATED this 26th day of November, 2008.

18

19

20

21

22  _____

23  David G. Campbell
    United States District Judge

24

25

26

27

28