**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | CR 07-1382-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maximino Rivera-Diaz, | ) | |
| Defendant. | ) | |

On January 6, 2009, the Court held a competency hearing pursuant to 18 U.S.C. § 4241(c). The purpose of the hearing was to determine whether Defendant is competent to stand trial. The Court heard video testimony from Dr. Robert Lucking, a staff psychiatrist at the Federal Medical Center in Butner, North Carolina. The Court has also considered the 15-page Forensic Evaluation by Dr. Lucking. For the reasons set forth below, the Court concludes that Defendant is not competent to stand trial.

**I.    LEGAL STANDARD.**

The Court must determine whether Defendant "is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" 18 U.S.C. § 4241(d). The Ninth Circuit has explained that "competence to stand trial does not consist merely of passively observing the proceedings. Rather, it requires the mental acuity to see, hear and digest the evidence, and the ability to communicate with counsel in helping prepare an effective defense." *United States v. Woodford*, 238 F.3d 1084, 1089 (9th Cir. 2001). The Court must apply a preponderance of the evidence standard. 18 U.S.C. § 4241(d). "The

1  government has the burden of demonstrating by a preponderance of the evidence that the

2  defendant is competent to stand trial." *United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir.

3  1991).[1]

4  **II.    FACTUAL DETERMINATIONS.**

5         Defendant is a 35-year-old Hispanic male and a Mexican national.  At the request of

6  defense counsel, Defendant was examined by Hector Barillas, Ph.D.  In a report dated

7  February 5, 2008, Dr. Barillas concluded that Defendant was not competent to stand trial.

8  Dr. Barillas described Defendant as actively psychotic with the presence of auditory

9  hallucinations and incoherent thought processes.  On the basis of Dr. Barillas' conclusions,

10  the Court committed Defendant to the custody of the Attorney General for placement in a

11  suitable facility pursuant to 18 U.S.C. § 4241(d).

12         The Attorney General transported Defendant to the Butner facility where his primary

13  examining physician was Dr. Lucking.  Dr. Lucking testified at the competency hearing that

14  Defendant was clearly psychotic upon his arrival.  Dr. Lucking prescribed medication to treat

15  Defendant's psychosis and noted a marked improvement in Defendant's condition over the

16  next two months.  Defendant no longer engaged in the conduct evident upon his arrival –

17  smiling and laughing inappropriately, talking with persons who were not present, and

18  otherwise responding to internal stimuli.

19         Once Defendant's psychosis was controlled, Dr. Lucking began the process of

20  determining his competency.   Dr. Lucking diagnosed Defendant with schizophrenia,

21

22         [1] There is a split of authority on whether the government or the defendant bears the
burden of proof on this issue.  The Ninth Circuit is one of a number of federal courts that

23  have placed the burden on the government.  *See United States v. Nichols*, 56 F.3d 403, 410
(2nd Cir. 1995) (collecting cases).  At least one circuit has held that the burden rests on the

24  defendant.  *See United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005).  The Supreme
Court has stated in *dictum* that "Congress has directed that the accused in a federal

25  prosecution must prove incompetence by a preponderance of the evidence."  *Cooper v.*

26  *Oklahoma*, 517 U.S. 360, 362 (1996).  This statement, however, was made in passing,
without analysis of § 4241(d), and in an opinion where the Supreme Court noted without

27  objection that numerous states place the burden on the prosecution.  *Id*. at 361-62.  Because

28  the Supreme Court's statement is *dictum*, this Court will follow the Ninth Circuit rule.

1   undifferentiated type, and with adult antisocial behavior.  After attempting unsuccessfully
2   to administer several tests, Dr. Lucking concluded that Defendant was malingering and,
3   ultimately, that he was competent to stand trial.

4           During the hearing on January 6, 2009, Dr. Lucking explained the basis for his
5   malingering and competency opinions.  He testified that Defendant refused to participate in
6   neuropsychological testing. As a result, Dr. Lucking was unable to directly determine his
7   competency.  Defendant did participate in forced choice testing.  During this testing and
8   during interviews, Dr. Lucking stated that Defendant displayed multiple inconsistencies and
9   provided ridiculous responses to some questions.  He also failed to consider some questions
10  seriously.  In terms of inconsistencies, Defendant claimed he could not add, even though his
11  prior history suggested he had been able to add and even though Defendant was able to add
12  fingers displayed by Dr. Lucking; Defendant claimed that he could not speak English, but
13  responded to some questions in English without waiting for the Spanish interpretation of the
14  questions; Defendant gave inconsistent answers for his birth date and the place of his arrest.
15  In terms of ridiculous answers, Defendant stated that he did not know whether he had parents
16  or had been raised by wolves, and at times claimed to have been arrested in Russia.
17  Defendant's results on the forced choice testing suggested to Dr. Lucking that Defendant
18  knew the correct answers but deliberately chose incorrect answers.  All of these factors led
19  Dr. Lucking to conclude that Defendant was malingering – deliberately trying to defeat the
20  purpose of the test and convince Dr. Lucking that he was incompetent.

21          Dr. Lucking concluded that Defendant was competent on the basis of his apparently
22  deliberate choice to malinger as well as his ability to answer some basic questions about the
23  nature of his arrest and the nature of these legal proceedings.  For example, Defendant chose
24  correctly when asked to select answers describing the role of the judge, prosecutor, defense
25  attorney, and jury.  Defendant accurately described why and how he was hiding from Border
26  Patrol at the time of his arrest.  Defendant was also seen to interact with other inmates at the
27  Butner facility, although Dr. Lucking noted that only the most severely impaired inmates are
28  avoided by others.

1    From Defendant's apparently deliberate attempts to defeat testing and his basic level

2  of understanding on the nature of his arrest and the proceedings against him, Dr. Lucking

3  concluded that Defendant was competent to stand trial.  Dr. Lucking noted that he had seen

4  similar efforts at malingering from other Mexican defendants charged with immigration

5  crimes, and concluded that such defendants discuss among themselves the possibility of

6  obtaining an early release through incompetency.

7    During the course of the hearing, Defendant appeared to be experiencing some

8  symptoms of psychosis.  He smiled and laughed inappropriately, mumbled to himself, and

9  rocked back and forth.  When Dr. Lucking was asked about these behaviors during the

10 hearing, he stated that they were indicative of psychosis.  Although Defendant had told his

11 counsel that he was continuing to take the medication prescribed for his psychosis, Dr.

12 Lucking stated that Defendant's behavior during the hearing could suggest either that

13 Defendant no longer was taking his medication or that the medication was becoming less

14 effective.  As a result of Defendant's behavior, counsel for the Government stated in her

15 closing argument that she could not assert that Defendant is presently competent to stand

16 trial.  She did assert, however, that the Court can conclude that Defendant was competent

17 when he left the Butner facility in September of 2008.

18   Defense counsel proffered that Defendant's behavior has been consistent throughout

19 the 13 months that defense counsel has represented him.  Although the symptoms of

20 psychosis were improved after Defendant returned from the Butner facility, defense counsel

21 proffered that he has been unable to communicate with Defendant throughout all stages of

22 this case.  Defense counsel proffered that Defendant's responses to questions – the same

23 responses that caused Dr. Lucking to conclude that Defendant is malingering – have also

24 been consistent throughout defense counsel's representation.  Defendant consistently has

25 been unable to answer most of defense counsel's questions, consistently has stated that he

26 does not know if he has parents, consistently has given little consideration to questions, and

27 often responds to questions in English before obtaining a Spanish interpretation.  Thus,

28 defense counsel argued, the behavior observed by Dr. Lucking has been consistent for

1    months.  Defense counsel does not believe that Defendant could malinger so consistently
2    over such an extended period of time.

3           The Court finds this to be a close case.  Defendant clearly is schizophrenic and suffers
4    from adult antisocial behavior.  All parties agree that Defendant was not competent to stand
5    trial when he was arrested or on his arrival at the Butner facility.  Thereafter, Defendant did
6    not participate in testing that affirmatively established his competency.  Instead, Dr. Lucking
7    concluded that Defendant was competent based on his apparently deliberate malingering and
8    his correct responses to certain basic questions about his arrest and the nature of these
9    proceedings.  As of the January 6 hearing, however, Defendant again appears to be suffering
10   from psychosis and counsel for the Government could not assert that he presently is
11   competent.  Thus, we have a Defendant who suffers from a diagnosed mental illness, who
12   was incompetent at the beginning of this case, who appears to be incompetent now, and
13   whose alleged competency in the interim is based primarily on indicia of malingering and
14   his correct responses to very basic questions.  When these circumstances are weighed with
15   defense counsel's avowals that he consistently has been unable to communicate with
16   Defendant, the Court concludes, by a preponderance of the evidence, that the Government
17   has not met its burden of proving that Defendant is competent.

18          The Court particularly is persuaded by the fact that Defendant's very basic
19   understanding of the circumstances of his arrest and the nature of these proceedings is not
20   sufficient to establish his competency to stand trial.  The Supreme Court has explained "that
21   it is not enough for the district judge to find that the defendant is oriented to time and place
22   and has some recollection of events."  *Dusky v. United States*, 462 U.S. 402, 402 (1960)
23   (quotation marks and parentheses omitted).  "[T]he test must be whether he has sufficient
24   present ability to consult with his lawyer with a reasonable degree of rational understanding
25   – and whether he has a rational as well as factual understanding of the proceedings against
26   him."  *Id*.  Defendant's very basic understanding of the circumstances of his arrest and the
27   nature of these proceedings may establish a factual understanding of these proceedings, but
28   they do not demonstrate a rational understanding.  Nor, given defense counsel's avowals, can

1   the Court conclude that Defendant has sufficient present ability to consult with his lawyer

2   with a reasonable degree of rational understanding.

3          The Court has considered carefully Dr. Lucking's opinion that Defendant is

4   malingering.  Dr. Lucking testified that malingering is not itself evidence of competency.

5   Incompetent people can malinger.  Although an apparently deliberate attempt to defeat the

6   Butner testing is relevant, the only affirmative evidence of Defendant's competency is his

7   correct responses to very basic questions.  The Court concludes that this evidence, when

8   combined with the indicia of malingering, is slightly outweighed by defense counsel's

9   avowal that Defendant consistently has been unable to carry on a coherent conversation or

10  assist in the defense of this case.  The Supreme Court has observed that "the defendant's

11  inability to assist counsel can, in and of itself, constitute probative evidence of incompetence,

12  and defense counsel will often have the best-informed view of the defendant's ability to

13  participate in his defense." *Medina v. California*, 505 U.S. 437, 450 (1992); *see also Odle*

14  *v. Woodford*, 238 F.3d 1084, 1088 (9th Cir. 2001) (same).

15         The Court would likely reach a different conclusion if the Government had been able

16  to present affirmative evidence of Defendant's competency.  The Court is quite conscious

17  of the fact that the absence of such evidence is due to Defendant's refusal to participate in

18  neuropsychological testing.  But the Court cannot conclude that this alleged malingering by

19  Defendant, when coupled with his very basic understanding of the circumstances of his arrest

20  and the nature of the proceedings against him, outweighs his consistent inability to respond

21  to or communicate with his defense counsel.

22  **III.    CONCLUSION.**

23         The Court finds that Defendant is not competent to stand trial.  The Court must now

24  determine the appropriate next step.  The Court is not persuaded that additional

25  hospitalization and treatment likely would result in Defendant's competency to stand trial,

26  and notes that the Supreme Court has held in some circumstances that a defendant may be

27  committed for additional treatment only if there is a substantial probability that he will attain

28  future competency.  *See Jackson v. Indiana*, 406 U.S. 715, 738 (1972).  Before deciding this

1    question, however, the Court concludes that it should hear from the parties.  On or before

2    **January 16, 2009**, the parties shall submit memoranda, not to exceed five pages each, setting

3    forth their views of the next appropriate step given the Court's determination that Defendant

4    is not competent to stand trial.

5          DATED this 7th day of January, 2009.

6

7

8    _____

9                    David G. Campbell
                United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28